# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEODOSO SERRANO MORENO,<br><br>                               Plaintiff,<br>  vs.<br>MICHAEL J. ASTRUE, Officially as Commissioner of Social Security Administration,<br><br>                              Defendant. | CASE NO. 08cv1022-WQH-PCL<br><br>**ORDER** |

HAYES, Judge:

The matter before the court is the review of the Report and Recommendation (Doc. # 21) issued by United States Magistrate Judge Peter C. Lewis, recommending that Plaintiff's Motion for Motion for Summary Judgment (Doc. # 12) be denied and Defendant's Cross-Motion for Summary Judgment (Doc. # 15) be granted.

## BACKGROUND

On November 28, 2005, Plaintiff protectively filed an application for Supplemental Security Income ("SSI"), alleging he was suffering from schizophrenia and unable to work. (Administrative Record, Doc. # 10 ("AR"), 24-26). The Social Security Administration denied Plaintiff's application for SSI initially on March 26, 2006 and upon reconsideration on December 4, 2006. (AR 24-36).

On December 26, 2006, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 37). On April 24, 2007, Plaintiff appeared and testified at the hearing

before the ALJ. (AR 13, 225-77). Also appearing and testifying were Sidney Bolter, M.D., an impartial medical expert (AR 248-73); Mark Remas, an impartial vocational expert (AR 273-77); and Flerida Hernandez, Plaintiff's sister (AR 237-43).

On September 26, 2007, the ALJ denied Plaintiff's application for SSI in a written decision. (AR 13-23).

On November 28, 2007, Plaintiff filed a request for review of the ALJ's decision. (AR 9). On April 7, 2008, the Appeals Council denied Plaintiff's request for review, rendering the decision of the ALJ final. (AR 4-9).

On June 6, 2008, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. 405(g).[1] (Doc. # 1). On March 26, 2009, after the parties filed cross-motions for summary judgment, the Magistrate Judge issued a Report and Recommendation recommending that the Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment. (Doc. # 21).

On April 17, 2009, Plaintiff filed objections to the Report and Recommendation. (Doc. # 22). On April 27, 2009, Defendant filed a reply to Plaintiff's objections. (Doc. # 23).

**STANDARD OF REVIEW**

The duties of the district court in connection with the Report and Recommendation of a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

The ALJ's decision denying benefits "will be disturbed only if that decision is not

---

[1] On October 30, 2007, Plaintiff reapplied for SSI. (Doc. # 12 at 6). This application was approved by the Social Security Administration on April 2, 2008. (Doc. # 12 at 7). At issue in this appeal is a closed period of benefits from November 28, 2005 through October 30, 2007. (Doc. # 12 at 7).

supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999) (citation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Id.* (citation omitted).

## DISCUSSION

Plaintiff objects to the Magistrate Judge's findings that: (1) the ALJ sufficiently considered the lay testimony of Plaintiff's sister, and (2) the ALJ properly discounted the Mini-Mental Status Examination and Psychiatric Review Form opinions rendered by Plaintiff's treating psychiatrist.

**I.    Testimony of Plaintiff's Sister**

Plaintiff contends that the ALJ "failed to consider and comment on Flerida Hernandez's testimony regarding Mr. Moreno's ability to work which is competent evidence." (Doc. # 22 at 2).

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citation omitted). An ALJ must give reasons for discounting this type of evidence and cannot disregard it without comment. *See Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). "[I]f the ALJ wishes to discount the testimony of lay witnesses, he must give reasons that are germane to each witness." *Stout*, 454 F.3d at 1053 (quotation omitted). "However, in interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (quotation omitted).

Plaintiff's sister, Flerida Hernandez, submitted two third-party "Function Reports," provided information to Plaintiff's treating psychiatrist, and testified at the hearing before the ALJ. (AR 21, 71-86, 237-43). In the first Function Report, dated December 19, 2005, Hernandez stated that Plaintiff slept all the time; that he always needed to be told to attend to his personal hygiene; that he did not prepare his own meals and had no interest in eating; that he had to be told to do housework; and that he got extremely anxious when he went outside or had control over money. (AR 71-78). In the second Function Report, dated June 6, 2006,

1  Hernandez stated that she constantly needed to tell Plaintiff when tend to his hygiene, eat and
2  take his medicine; that he did not do any housework; that he locked himself in his room and
3  slept all day; that he had no interest in anything; that he was unable to handle money; that he
4  was very withdrawn; that he had a hard time concentrating; that he was constantly crying; and
5  that he said that he felt like dying. (AR 79-85).

6  In a progress note dated December 8, 2006, Plaintiff's psychiatrist, Dr. Bucardo made
7  the following notation:

> Sister reports that patient observes partial compliance with meds and continues to isolate and practically never leaves his room. Patient has been unable to obtain/maintain employment. He is constantly looking over his shoulder, distrusts most people he comes into contact with and has episodic agitation and AH with commands.

11 (AR 212). In a progress note dated February 9, 2007, Dr. Bucardo wrote: "Sister reports that
12 patient observes partial compliance with meds. Patient has been unable to obtain/maintain
13 employment. He is constantly looking over his shoulder, distrusts most people he comes into
14 contact with and has episodic agitation and AH with commands." (AR 211).

15  At the April 24, 2007 hearing, Hernandez testified that when Plaintiff "got sick," he
16 would lock himself in his room, would be afraid to come out, would sleep during the day,
17 would barely eat, and would have to be told to clean himself, shave, and change his clothes.
18 (AR 242-43). Hernandez also testified that on one occasion in 2006, Plaintiff went to Mexico
19 by himself and "he took too much medication or whatever the problem was so then they had
20 to take him to ... his older doctor." (AR 240).

21  The ALJ does not reference Hernandez's testimony or Function Reports, but she does
22 reference Hernandez's statements in the two progress notes. (AR 21). The ALJ states: on
23 December 8, 2006, "[t]he claimant's sister reported that the claimant was only partially
24 compliant with his medications, was isolating himself, and had been unable to obtain a job, and
25 was currently looking over his shoulder"; and "[o]n February 9, 2007, the claimant's sister
26 again reported that the claimant was only partially compliant with treatment." (AR 21).

27  In the Report and Recommendation, the Magistrate Judge states:

> In her opinion, the ALJ did not refer to all of the statements made by Ms. Hernandez but did consider those significant and probative: that Plaintiff was

| | |
|---|---|
| 1 | only partially compliant with medication; that he isolated himself; that he was unable to obtain a job; and that he was paranoid. Although the ALJ did not question the credibility of Ms. Hernandez's statements, she did use evidence provided by Ms. Hernandez–namely Plaintiff's paranoia, his noncompliance with medication and treatment regimens, and his inability to obtain a job–to bolster her finding that Plaintiff was not disabled because he could have had the ability to work had he properly and consistently taken his medications. |

(Doc. # 21 at 12 (footnote omitted) (citing *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (finding that impairments that can be effectively controlled with medication are not disabling for purposes of determining eligibility for Social Security benefits)).

Plaintiff objects to the "ALJ's mere recital of a minor fraction of Ms. Hernandez's testimony," and contends that "even if the ALJ accepted in part and discounted in part Ms. Hernandez's testimony, she was required to give reasons that are germane to Ms. Hernandez for discounting her testimony regarding Mr. Moreno's ability to work." (Doc. # 22 at 2).

After reviewing the ALJ's decision and the Administrative Record de novo, the Court finds that the ALJ considered the significant and probative aspects of Hernandez's statements. *Cf. Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) ("The Secretary ... need not discuss all evidence presented to her. Rather, she must explain why significant probative evidence has been rejected.") (quotation omitted). The Magistrate Judge properly concluded that the ALJ did not reject Hernandez's testimony. (Doc. # 21 at 12). The ALJ used Hernandez's evidence to support the ALJ's finding that Plaintiff was not disabled because he could have had the ability to work had he properly and consistently taken his medications. (AR 18, 21). None of Hernandez's statements were inconsistent with this conclusion.

**II.    Mini-Mental Status Examination and Psychiatric Review Form**

Plaintiff objects to the Magistrate Judge's findings regarding the Mini-Mental Status Examination and Psychiatric Review Form opinions rendered by Dr. Bucardo. (Doc. # 22 at 3-5). Plaintiff contends that the Magistrate Judge erred by: (a) finding that the ALJ properly discounted the opinions because they were obtained for advocative purposes and were not supported by Dr. Bucardo's treatment notes; and (b) finding that the Psychiatric Review Form

1 is a fraudulent document.

2     **A.    Advocative Purposes and Lack of Support**

3 In the Mini-Mental Status Examination and the Psychiatric Review Form, Dr. Burcado 4 found that Plaintiff had schizophrenia, a global functioning score of 37, and would experience 5 four or more repeated episodes of decompensation, each of extended duration. (AR 208-10, 6 215-18).

7 The ALJ stated that the Mini-Mental Status Examination and Psychiatric Review Form 8 were completed for the purpose of "obtaining supportive documentation," so "the claimant 9 could obtain financial aid from the country and not have to work," and to "exempt[] the 10 claimant from being tested in connection with his application for citizenship." (AR 21). The 11 ALJ stated that "Dr. Bucardo's findings provide little objective evidence to support his 12 comments regarding the claimant's cognitive impairments, indicated in the psychiatric review 13 form.... The undersigned finds that Dr. Bucardo was actively assisting the claimant's attempt 14 to obtain benefits, rather than simply treating the claimant, in that he was undoubtedly aware 15 that the claimant wanted to become a citizen." (AR 21).

16 After reviewing the ALJ's decision and the Administrative Record de novo, the Court 17 finds that the ALJ acted within her discretion in discounting the Mini-Mental Status 18 Examination and the Psychiatric Review Form. Dr. Bucardo's March 22, 2007 progress notes 19 reflect that Dr. Bucardo examined Plaintiff "for medical report for INS form." (AR 208). The 20 ALJ properly reviewed and summarized Dr. Bucardo's prior treatment notes, and the ALJ 21 found the Mini-Mental Status Examination and the Psychiatric Review Form to be inconsistent 22 with those prior notes. (AR 18-21). The ALJ provided specific and legitimate reasons to 23 discount the findings and conclusions of the Mini-Mental Status Examination and the 24 Psychiatric Review Form, and that decision is supported by substantial evidence. *See Saelee* 25 *v. Chater*, 94 F.3d 520, 522-23 (9th Cir. 1996) (holding that an ALJ has the discretion to find 26 a treating doctor's opinion to be untrustworthy because it was obtained for advocative purposes 27 and because it varies from the doctor's own treatment notes); *see also Bayliss v. Barnhart*, 427 28 F.3d 1211, 1216 (9th Cir. 2005) ("[A]n ALJ may only reject [a treating doctor's opinion] by

providing specific and legitimate reasons that are supported by substantial evidence.") (citation omitted).

### B. "Fraudulent Document"

When the discussing the Psychiatric Review Form, the ALJ stated:

> Although this form appears to be signed by Dr. Bucardo, aside from the date, few of the comments on the form are written by him. In another hand are comments by an unidentified person. They include: 'claimant suffers from chronic paranoid schizophrenia with significant cognitive impairment...' It is interesting to note that Dr. Bucardo's diagnosis has been psychosis, not otherwise specified, throughout, and not chronic paranoid schizophrenia.

(AR 21).

Referencing this language, the Magistrate Judge stated: "[T]he ALJ noted that it was questionable whether the psychiatric review form was actually signed by Dr. Bucardo and that few of the comments on the form were made by him. The ambiguity and indications of fraud evidenced in the document were another legitimate reason for the ALJ to reject it outright." (Doc. # 21 at p.15 line 28 - p.16 line 3). The Magistrate Judge also stated in a footnote: "Upon reviewing the form, the undersigned believes that the psychiatric review form is a fraudulent document. It does not appear to be signed and dated by Dr. Bucardo, and there are multiple different handwritings on the document." (Doc. # 21 at 16 n.3).

Plaintiff objects to this language from the Report and Recommendation on the grounds that it misstates the ALJ's findings. Pursuant to 28 U.S.C. § 636(b), the Court will not adopt the following lines from the Report and Recommendation: page 15, line 28 through page 16, line 3, and page 16, footnote 3. (Doc. # 21 at 15-16).

The Court finds that this error by the Magistrate Judge is harmless. The ALJ provided specific and legitimate reasons to discount the findings and conclusions of the Mini-Mental Status Examination and the Psychiatric Review Form, and that decision is supported by substantial evidence. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (holding that error which is inconsequential to the ultimate nondisability determination is harmless error).

### CONCLUSION

After reviewing de novo those portions of the Report and Recommendation to which

1  Plaintiff objected, and after generally reviewing the Report and Recommendation and the
2  ALJ's decision in light of the Administrative Record, the Court finds that the Magistrate Judge
3  correctly evaluated the facts and applied the controlling law in this case.

4  Accordingly, **IT IS HEREBY ORDERED** that: (1) the Court **ADOPTS** all portions
5  of the Report and Recommendation (Doc. # 21) except for page 15, line 28 through page 16,
6  line 3, and page 16, footnote 3; (2) Plaintiff's Motion for Summary Judgment (Doc. # 12) is
7  **DENIED**; and (3) Defendant's Cross-Motion for Summary Judgment (Doc. # 15) is
8  **GRANTED**.

9  The Clerk shall enter judgment for Defendant and against Plaintiff.

10  DATED: July 17, 2009

*William Q. Hayes* (signature)

**WILLIAM Q. HAYES**
United States District Judge